UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STARBRANDS CAPITAL LLC, <br> D/B/A NORCAL HEALTH SERVICES, <br><br> Plaintiff, <br><br> v. <br><br> ORIGINAL MW INC., <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> *    Civil Action No. 14-cv-12270-ADB |

## ORDER

Currently before the Court is Magistrate Judge Boal's Report and Recommendation (R&R") [ECF No. 73] on Defendant Original MW Inc. ("MW")'s Second Motion to Dismiss [ECF No. 54]. MW has moved to dismiss the breach of contract claim alleged in Count II of Plaintiff Starbrands Capital LLC ("Starbrands")'s Amended Complaint. After a hearing, the Magistrate Judge recommended that MW's Second Motion to Dismiss be denied, for the reasons fully set forth in her R&R.

On January 21, 2016, MW filed Objections to the Magistrate Judge's R&R. [ECF No. 74 ("Objections"). Accordingly, the Court has undertaken a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b). After reviewing the underlying motion papers, the R&R, and MW's Objections, the Court finds that the Report and Recommendation should be adopted in full, for the reasons stated therein.

MW's Motion to Dismiss is based on the notion that Starbrands is collaterally estopped from litigating its breach of contract claim against MW, based upon a March 26, 2015 California state court decision in Norcal Health Care, Inc. v. Starbrands Norcal MSO, LLC, et al., RG-

12623651 (Super. Ct. Cal., Alameda County) (hereinafter, the "California action"). Although MW's arguments may well (eventually) prove meritorious, the Magistrate Judge determined, and this Court agrees, that the preclusive effect of the California action cannot be resolved at this very early stage of the litigation. It is not appropriate to adjudicate an affirmative defense such as collateral estoppel on a motion to dismiss unless (1) "the facts that establish the defense [are] definitively ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice," and (2) "the facts so gleaned . . . conclusively establish the affirmative defense." In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 16 (1st Cir. 2003). The Magistrate Judge found that MW has failed to meet those requirements, and the Court agrees.

First, for collateral estoppel to apply, the party against whom it is sought must be "the same" party, or "in privity with" the party in the prior proceeding. Lucido v. Superior Court, 51 Cal. 3d 335, 341, 795 P.2d 1223 (1990). In this case, however, Plaintiff Starbrands Capital LLC, is not the same entity as Starbrands Norcal MSO, LLC, the defendant in the California action. Moreover, Starbrands Capital LLC was not a party to the contract at issue in the California action. MW argues that privity is nonetheless established by the "fact" that Starbrands Capital LLC and Starbrands Norcal MSO, LLC are both owned by Omar Salah. According to MW, this demonstrates that Salah is the "real party in interest" both here and in the California action. The Court finds this argument to be premature. Starbrands has not admitted, nor do the pleadings conclusively establish, that both Starbrands entities are wholly owned and controlled by Omar Salah. The Amended Complaint in this action alleges that the operative Agreement between MW and Starbrands "listed" Mr. Salah as NorCal's sole owner/partner/officer as well as the sole contact person at NorCal [Amended Complaint, ¶ 12], but this allegation is not sufficient to

establish that Mr. Salah is, in fact, the sole partner in Starbrands Capital LLC. Similarly, although the Cross-Complaint in the California action alleged that Mr. Salah was the "owner" of Starbrands Norcal MSO LLC, that allegation alone also does not establish that he was, in fact, the sole partner in the LLC. The facts surrounding the structure and ownership of the Starbrands entities, as well as the relationship between the two entities, needs to be further developed through discovery before the Court can rule on the privity issue.

Furthermore, even assuming that Mr. Salah held an ownership interest in both Starbrands entities, this would not necessarily be sufficient to establish privity as a matter of law.  Under California law, privity "'is not susceptible of a neat definition, and determination of whether it exists is not a cut-and-dried exercise.'" Green v. Cent. Mortg. Co., No. 3:14-CV-04281-LB, 2015 WL 7734213, at *8 (N.D. Cal. Dec. 1, 2015) (quoting Aronow v. LaCroix, 219 Cal.App.3d 1039, 1048, 268 Cal.Rptr. 866 (1990)). "Indeed, '[w]hether someone is in privity with the actual parties requires close examination of the circumstances of each case.'" Id. (quoting Victa v. Merle Norman Cosmetics, Inc., 19 Cal.App.4th 454, 464, 24 Cal.Rptr.2d 117 (1993)) (alteration in original). Thus, the Magistrate Judge properly declined to resolve the question of privity on MW's motion to dismiss, particularly where the requirement of privity is "a requirement of due process of law." Planning & Conservation League v. Castaic Lake Water Agency, 180 Cal. App. 4th 210, 230, 103 Cal. Rptr. 3d 124, 142 (2009).

Additionally, before the Court can determine that Starbrands is collaterally estopped from litigating its breach of contract claim, the Court must consider whether the applying the doctrine of collateral estoppel in this context would be fair and consistent with sound public policy. See Lucido, 51 Cal. 3d at 342-43. Much like the issue of privity, the "fairness" requirement also requires further factual development and is not appropriately resolved on a motion to dismiss.

Finally, the Court concurs with the Magistrate Judge's observation that the judgment in the California action does not necessarily "assess the legal nature of the relationship that existed between Starbrands and Norcal from June 2010, the time of the alleged breach at issue in the instant action, to February 2012, when the California state court determined that the contract between Starbrands Norcal and Norcal had been terminated." [R&R, p. 10]. It appears, based on the California court's judgment, that the termination of that contract in February 2012 was important to the court's decision to permanently enjoin Starbrands Norcal and Salah from asserting any interest in, ownership of, or control over any medical clinic operated by Norcal Health Care Inc. The judgment in the California action does not resolve the issue of whether Starbrands Norcal and Salah had any viable interest in, ownership of, or control over the clinics prior to the contract being terminated in February 2012. Thus, the California court's ruling is not necessarily dispositive of Starbrands' contract claim in the instant case, which is based on MW's alleged breaches of the Merchant Agreement beginning in 2010. In sum, the extent to which Starbrands had any legitimate interest in the clinics or their revenues – and during what time periods – cannot be resolved on MW's motion to dismiss.

For the foregoing reasons, MW's objections to the Magistrate Judge's Report and Recommendation are overruled, and the Court <u>ACCEPTS AND ADOPTS</u> the Report and Recommendation [ECF No. 73] in its entirety. Accordingly, MW's Second Motion to Dismiss [ECF No. 54] is <u>DENIED</u>.

**SO ORDERED.**

Dated: March 9, 2016

<u>/s/ Allison D. Burroughs</u><br>
ALLISON D. BURROUGHS<br>
U.S. DISTRICT JUDGE